Argued at Pendleton October 28th, affirmed December 9, 1919.

## STATE *v.* CRAIG.

(185 Pac. 764.)

**Perjury—Oath Before County Assessor.**

1. Perjury cannot be predicated on false list of taxable property sworn to before county assessor, since assessor is not authorized by Section 3591, L. O. L, as amended by Laws of 1913, Chapter 184, Section 4, or any other statute, to administer oath; authority to administer oath being, in every instance, expressly given (Section 889, L. O. L.), and not left to implication.

**Taxation—Statute Giving Assessor Authority to Administer Oath Repealed.**

2. Act of 1854 (Deady's Code, c. 2, § 3; B. & C. Comp., § 3059), requiring the assessor to swear every person subject to taxation, was expressly repealed by Laws of 1907, Chapter 268, Section 39.

**Oath—Assessor has No Authority to Administer Oath.**

3. There is no law upon the statute books of Oregon authorizing assessor to administer oath.

From Wallowa: JOHN W. KNOWLES, Judge.

In Banc.

In this case the defendant was indicted for the crime of perjury, committed by falsely and corruptly making oath to the correctness of the list of his taxable property in Wallowa County for the year 1918. The indictment, which seems in proper form, states, among other matters, that C. H. Allen was the county assessor and as such called upon the defendant to furnish a list containing a true account of all his personal property in Wallowa County subject to taxation, and that he furnished a list purporting to be such and swore to the same before said C. H. Allen, who was duly authorized to administer said oath. Other allegations sufficiently charge perjury if by law the county assessor is authorized to administer an oath. The defendant demurred to the indictment and the demurrer being sustained, the state appeals.        AFFIRMED.

For the State there was a brief and an oral argument by *Mr. A. Fairchild,* District Attorney.

For respondent there was a brief and an oral argument by *Mr. Daniel W. Sheahan.*

McBRIDE, C. J.—1. It requires no citation of authorities to show that perjury cannot be predicated upon a false oath taken before an officer or person not authorized by law to administer it.

Section 3591, L. O. L., as amended by Section 4 of Chapter 184, General Laws of 1913, omitting matters not relevant here, is as follows:

"*Owner to furnish lists and values: Penalty for refusal.* Every assessor shall require every person liable to be taxed in his county and to be assessed by him * * to furnish such assessor:

"1. A list of all the real estate of such person, * * situate in his county and liable to taxation. * * ;

"2. A list of all the personal property of such person, * * liable to taxation in his county * * ;

"The assessor shall require such person * * to make oath that, to the best of his knowledge and belief, such list, whether of real or personal property, or of both, contains a full and true account of all the real and personal property, or both, or of any interest therein, of such person * * liable to be taxed in said county, and the true cash value of such real or personal property, or both, and of the several parcels or items thereof. Should any such person * * when so required, refuse to furnish such list of real or personal property, with the true cash value or values thereof, or to swear to the same when required to do so by the assessor, such person, * * shall forfeit and pay to the assessor, for the use of the county, * * Should any such person, * * when so required, refuse to furnish and to swear to any such list, the assessor shall ascertain the taxable property of such person, * * and shall

appraise the same from the best information to be derived from other sources.''

While the above-quoted section provides that the assessor shall ''require'' the person making the list to swear to its correctness, we find no indication as to who is to administer the oath.

By Section 889, L. O. L., it is provided that every court, judge of a court, justice of the peace or notary public, is authorized to administer oaths generally, and other persons in the particular case authorized. Among the persons so particularly authorized we find county clerks, sheriffs upon trials before a sheriff's jury; county surveyors upon road survey proceedings, coroners, upon inquest proceedings, and many other instances of like character, but in each instance the authority is expressly given and not left to conjecture or implication.

It does not follow by necessary implication that because the assessor is directed to require a taxpayer to furnish him a written statement under oath of his personal property, that such statement must be sworn to before him. Indeed it is neither practicable or customary for the assessor to personally visit every person in his county and personally demand of him the list required by law. The usual custom in the large counties is for the assessor to mail to each taxpayer a printed form with directions to fill it out properly and return it. If required by the assessor, he must return it verified by his oath, administered by any person authorized to administer oaths.

2. From 1854 until 1907 there was upon the statute book an express provision requiring the assessor to ''swear every person subject to taxation to give a true account of his or her property, according to the best of his or her knowledge or belief'': Deady's Code, § 3,

Chap. 2, p. 628; B. & C. Comp., § 3059. This provision was expressly repealed by Section 39 of Chapter 268, Gen. Laws 1907.

It is not conceivable that the legislature would repeal an express law commanding the assessor to administer the necessary oath, if it was the legislative intent that he should continue to administer it. From this repeal and subsequent legislation, we are of the opinion that it was the intent of the legislature to authorize the assessor to demand of any taxpayer a sworn list of his property; but that it was not the intent to require or authorize him to visit the taxpayer personally to administer the oath.

3. There is in every precinct in this state a justice of the peace who can conveniently perform that duty, and in addition there are usually notaries public whose services can be conveniently obtained. These considerations possibly prompted the repeal of this provision of the act of 1854 by the legislature of 1907. Be this as it may, the provision was repealed and there is not now upon the statute books any law authorizing the assessor to administer an oath.

The judgment of the Circuit Court is affirmed.

AFFIRMED.

Motion to dismiss appeal filed November 13, allowed December 16, 1919.